CHARLES A. WEEKS *vs.* COLEMAN BRIDGMAN.

June 30, 1891.

Railway Land Grant—Pre-Emption.—The decision in *Weeks* v. *Bridg-*
*man*, 41 Minn. 352, reaffirmed.

Same—Pre-Emption Title Sustained.—The land in controversy is within
the limits of the land grant of the St. Paul & Pacific R. Co., which claims
title under the act of March 3, 1857. It is included in a section of land
which was improved and occupied by a mail contractor in 1855, who
claimed to be entitled to enter the same by pre-emption under the act of
March 3, 1855, and his application to enter the same, afterwards recog-
nized and approved by the land department of the government, was made
before the railroad company became entitled to the land under the provis-
ions of the land-grant act. *Held*, that a pre-emption right had attached,
within the meaning of the last-named act, and that the section of land
in controversy did not inure to the railway company as a part of its
land grant.

After the decision of the former appeal in this action, (41 Minn.
352,) it was again tried in the district court for Stearns county, be-

fore *Baxter*, J., who ordered judgment for defendant, which was entered, and the plaintiff appealed.

*M. D. Grover* and *S. L. Campbell*, for appellant.

*Oscar Taylor*, for respondent.

VANDERBURGH, J.[1]   The principal questions involved in this appeal were, upon full consideration, determined when the case was here before.   41 Minn. 352, (43 N. W. Rep. 81.)   We do not deem it necessary to reconsider them.   The material facts, and the acts of congress under which the parties assert their claims, are set forth in the opinion as reported.   The record now before us presents subtantially the same case as before.   The defendant, however, relies upon a single additional finding of fact, which it is claimed shows that the preemption claim of Brott, under whom defendant derives title, was a nullity, and that, therefore, the land in question passed to the railway company, under which plaintiff claims title, by virtue of its land grant.   Brott was a mail contractor in 1855, having a contract to carry the United States mail from Minneapolis to St. Cloud, in the territory of Minnesota west of the Mississippi river, and as such settled upon and improved the section containing the lot in controversy some time during that year.   It is now found by the trial court as a fact that Brott established his mail station on said section in 1855, and maintained the same during the term of his contract, but that he "was not a contractor engaged in carrying the mails through any of the territories west of the Mississippi river, except from Minneapolis to St. Cloud, in the territory of Minnesota; nor did the route on which he carried the mail form part of a system or any part of a route extending across any territory west of the Mississipi river, but the same terminated at St. Cloud aforesaid."   Under this finding, it is insisted that Brott's entry was unauthorized by the act of March 3, 1855, and that he could acquire no pre-emption right, as mail contractor, to the land in controversy.   His settlement and application were, however, prior in time to the claim of the railroad company under its grant, and were recognized by the land department of the government, which assumed jurisdiction of the case, and,

---

[1] Collins, J., took no part in this case.

through the secretary of the interior, ordered that Brott be allowed to enter the land upon filing the proper proofs. This gave him a standing in that tribunal to prosecute his claim to the land under the act of 1855. The department had jurisdiction of that class of cases, to determine the facts in respect to his mail contract and route, and it was not so clear upon the face of his application that it was unauthorized and void that the department might not entertain the application, and determine its merits upon the case made before it. *Quinby* v. *Conlan*, 104 U. S. 420, 426. Brott's pre-emption right had, then, already *attached*, within the meaning of the land-grant act in question here, which is to be construed most strongly against the railway company, and all doubts whether the land passed to the latter must be resolved in favor of the government and its grantee. *Leavenworth R. Co.* v. *U. S.*, 92 U. S. 733. Nor is it material that Brott subsequently failed to establish his right to the land by proof before the land-office. His prior settlement and claim, and the initiation of the proceedings in the land-office, were sufficient to segregate the land from the public domain, and take it out of the operation of the land-grant act. *Hastings & Dakota R. Co.* v. *Whitney*, 132 U. S. 357, 362, (10 Sup. Ct. Rep. 112.) It was not the intention of congress that the right of the railway company should also attach in such cases, and thus place the pre-emption claimant and the railway company in the position of contestants before the land department. *Kansas Pacific Ry. Co.* v. *Dunmeyer*, 113 U. S. 629, 641, (5 Sup. Ct. Rep. 566.) The decision of the secretary of the interior established the fact that Brott's pre-emption claim had attached, within the meaning of the land-grant act, when the grant acquired precision, and therefore the right of the railway company did not attach. We do not deem the finding in question material, and see no reason for modifying our former decision.

Judgment affirmed.